```
                                        FILED
                                    2008 AUG 29 PM 3:12
                                    CLERK US DISTRICT COURT
                                    SOUTHERN DISTRICT OF CALIFORNIA

                                    BY    RM           DEPUTY
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE LEDON BOOKER,<br>CDCR #F-30521,<br><br>                      Plaintiff,<br><br>vs.<br><br>GINA LYNN KERSHAW,<br><br>                      Defendant. | Civil No.    08-1565 W (WMc)<br><br>ORDER TRANSFERRING CIVIL ACTION FOR LACK OF PROPER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION, PURSUANT TO 28 U.S.C. § 84(c)(1), 28 U.S.C. § 1391(b) AND 28 U.S.C. § 1406(a) |

Andre Ledon Booker ("Plaintiff"), a prisoner currently incarcerated at California State Prison-Sacramento (CSP-SAC) in Represa, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims that his appointed counsel in a criminal case violated his First and Sixth Amendment rights by failing to turn over his client file after trial. (*See* Compl. at 8.) Plaintiffs seek injunctive relief, as well as general and punitive damages. (*Id.* at 7.)

Plaintiff has not prepaid the $350 civil filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

///

## I.

## LACK OF PROPER VENUE

Upon initial review of the Complaint, the Court finds that Plaintiff's case lacks proper venue. Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, Plaintiff is currently incarcerated at CSP-SAC in Respresa, but claims constitutional violations based on events which are alleged to have occurred in San Bernardino, which is located in San Bernardino County. (Compl. at 1-2.) Moreover, the sole Defendant is alleged to reside in San Bernardino. (*Id.* at 2.) The Southern District of California comprises only the counties of Imperial and San Diego. *See* 28 U.S.C. § 84(d). It is the Central District of California, Eastern Division, which comprises the counties of Riverside and San Bernardino. *See* 28 U.S.C. 84(c)(1).

Therefore, venue is proper in the Central District of California, Eastern Division, pursuant to 28 U.S.C. § 84(c)(1), but not in the Southern District of California. *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

///

///

## II.

### CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that the Clerk of the Court shall transfer this case for lack of proper venue, in the interests of justice and for the convenience of all parties, to the docket of the United States District Court for the Central District of California, Eastern Division, pursuant to 28 U.S.C. § 84(c)(1), 28 U.S.C. § 1391(b) and 28 U.S.C. § 1406(a).[1]

DATED: 8/29/08

HON. THOMAS J. WHELAN
United States District Judge

---

[1] Because the Court finds transfer appropriate, it defers ruling on Plaintiff's Motion to Proceed IFP to the Central District [Doc. No. 2] and expresses no opinion as to whether Plaintiffs' Complaint survives the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) & 1915A. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (sua sponte screening provisions of 28 U.S.C. § 1915A(b)(1) & (2) require court to dismiss complaints filed by prisoners which are frivolous, malicious, fail to state a claim or seeking damages from immune defendants).

# UNITED STATES DISTRICT COURT

Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

August 29, 2008

Office of the Clerk
Central District of California, Eastern Division
3470 Twelfth Street
Riverside, CA 92501

Re: Booker v. Kershaw, Case No. 08-CV-1565-W-WMC

Dear Sir or Madam:

Pursuant to Order transferring the above-entitled action to your District, we are transmitting herewith our entire original file (excepting said Order).

Enclosed are a certified copy of our Docket and of the Order transferring the action, the originals of which we are retaining.

Please acknowledge receipt on the copy of this letter and return. Thank you.

Sincerely yours,

W. Samuel Hamrick, Jr.
Clerk of Court

By: s/ A. Garcia
    , Deputy

Copy to Attorney for Plaintiffs:
Copy to Attorney for Defendants:

RECEIVED ITEMS DESCRIBED

THIS DATE OF _____
AND ASSIGNED CASE NUMBER _____

CLERK, U.S. DISTRICT COURT

By: _____, Deputy